[No. 6891.]

GLENDINNING V. THE CITY AND COUNTY OF DENVER.

**Municipal Corporations—Ordinances Repugnant to General Law—A** municipal ordinance not in harmony with the general law is void.—(242)

An ordinance providing that no person shall, within the limits of the municipality, manufacture or sell "oleomargarine * * * made in imitation of or having the semblance of butter," and "not made wholly from cream or milk, without a license from a certain prescribed authority, imposing a penalty for such sale, without a license, is in conflict with the statute (Laws 1895,

c. 19, sec. 4; Rev. Stats., sec. 40), because assuming to license what the statute prohibits. No action will lie for the penalty prescribed by the ordinance.—(242, 243)

*Error to Denver County Court*—Hon. JOHN R. DIXON, Judge.

Plaintiff in error (defendant below) was convicted in the police court of the City and County of Denver, for violating sections 1125 and 1126 of the municipal code of said city. On appeal to the county court, he was again convicted, and the case is here on error. Said sections are as follows:

"Sec. 1125. No person shall manufacture or sell within the City and County of Denver oleomargarine or any other substance made in imitation of or having the semblance of butter, which substance is not made wholly from pure cream or milk, unless he shall first obtain a license for that purpose from the Fire and Police Board.

"Sec. 1126. Any person who shall manufacture within the corporate limits of the City and County of Denver such oleomargarine or any other substance made in imitation of or having the semblance of butter, shall pay the sum of five hundred and fifty dollars per annum; and the license fee to be paid for a license to sell the same by wholesale shall be one hundred and twenty-five dollars per annum, and the license fee to be paid for a license to sell the same at retail shall be twenty-five dollars per annum."

Section 40, page 192, Rev. Stats. Colo., 1908, provides:

"Every person who * * * shall render or manufacture, sell, offer for sale, expose for sale, * * * any article, product, or compound * * * which shall be in imitation of yellow butter * * * shall be deemed guilty of a misdemeanor."

Messrs. TALBOT, DENISON & WADLEY for plaintiff in error.

Mr. HENRY A. LINDSLEY, Mr. GEORGE Q. RICHMOND, Mr. J. FRANK ADAMS and Mr. F. W. SANBORN for defendant in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

The statute does not prohibit the sale of oleomargarine; it forbids, and makes it a misdemeanor to sell oleomargarine made in imitation of butter. The city does not require a license for the sale of oleomargarine; it requires a license to sell oleomargarine made in imitation of butter. Oleomargarine is white, and butter is yellow, naturally. The city requires a license for doing the very thing forbidden by the statute. All municipal ordinances must be in harmony with the general law of the state; if they are inconsistent or repugnant to such general law, they are void, *ultra vires,* and no one can be convicted for violating a void ordinance.—*State v. Lindsay,* 34 Ark. 372; *Keefe v. People,* 37 Colo. 317; McQuillin Municipal Ordinances, § 14.

The city cannot require a license for the sale of oleomargarine, as restricted and prohibited by the state statute; it can require a license for the sale of oleomargarine, but the party obtaining it must obey the statute. Such a license would be no protection against the right of the state to prosecute for a violation of the statute. The ordinance should be comprehensive, for the sale of oleomargarine generally, and not include state prohibitions.

Suppose the city should require a license for the sale of intoxicating liquors to an habitual drunkard? It would be void, because prohibited by the statute; but the city may require a license for the sale of intoxicating liquor. The person obtaining it, however, must obey the state law; that is, he must not sell to minors, habitual drunkards, or keep open on Sunday. So a person obtaining a general license

from the city to sell oleomargarine may be prosecuted by the state if he sells any made in.imitation of butter.

As long as the sale of oleomargarine is not prohibited by statute, but its sale made in imitation of butter, is, the city may license the sale of oleomargarine. Said license will be no protection, however, to the licensee against a sale made in violation of the statute. The jurisdiction of the state extends over all municipalities within its boundaries, and no city ordinance can be enacted licensing an act prohibited by the state statute. *Reversed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE MUSSER concur.