## No. 17,003

### HOUPT *v.* TOWN OF MILLIKEN.
(260 P. [2d] 735)

Decided August 24, 1953.

Mr. SOL COHEN, Mr. A. E. SMALL, JR., for plaintiff in error.

Mr. WALTER F. SCHERER, Mr. BARNARD HOUTCHENS, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

THE parties hereto appear in the same order as they did in the trial court. We shall refer to them as plaintiff and defendant.

Plaintiff, under a permit issued from week to week by the Town of Milliken, operated a public dance hall in said town. She also possessed a license to dispense 3.2 per cent beer. Plaintiff sought an injunction restraining the town from enforcing an ordinance admittedly duly enacted, forbidding the sale of 3.2 per cent beer between the hours of twelve o'clock midnight on Saturday and eight o'clock A. M. on the following Monday. The town revoked the dance-hall permit and plaintiff sought a further injunction restraining the officials of the town from in any manner interfering with the operation of plaintiff's public dance hall.

Plaintiff alleged that the action of the town in the particulars mentioned was "unlawful, arbitrary, capricious and directed solely against the plaintiff." Defendant answered denying this allegation and alleged that the plaintiff had violated the dance-hall ordinance and that her permit was justifiably revoked.

The dance-hall permits were issued weekly and plaintiff admits that when she commenced her action she was some $240 in arrears in making payment of the weekly permit charge of ten dollars. She makes no denial of the fact that in connection with the operation of the dance hall she sold and dispensed 3.2 per cent beer, and that on July 17, 1952 she was notified in writing by the town

clerk that pursuant to resolution of the town trustees, no further dance-hall permits would be issued until further action of the town trustees. It also appears from the record that the action of the trustees was taken at a meeting at which plaintiff was present and the entire matter involving the disturbances in the town was thoroughly discussed before the trustees.

Upon trial the issues were found in favor of the defendant, and the temporary injunction theretofore issued was dissolved and the action dismissed. Plaintiff, seeking a reversal of the judgment, brings the cause here by writ . of error.

Plaintiff on the trial contended, and here asserts, that fermented malt beverages containing not more than 3.2 per cent of alcohol by weight (commonly called 3.2 beer) is in fact intoxicating, and that under Article XXII of our Constitution the authority to regulate the sale thereof is exclusively in the General Assembly and under such rules and regulations as the Secretary of State, as licensing authority, may prescribe. Hence it is argued that the trustees of the town had no authority to adopt the ordinance forbidding the sale of such beer on Sundays.

On the evidence submitted in this case, the learned trial judge found that 3.2 per cent beer was in fact not intoxicating and hence the sale thereof was subject to regulation by the town trustees. We are urged to set aside this finding notwithstanding our holding in *Gettman v. Board of Commissioners of Morgan County,* 122 Colo. 185, 221 P. (2d) 363, where our court speaking through Mr. Justice Stone said: "The legislature, in 1945, repealed its declaration that such beer was not intoxicating and left the scheme for its regulation adrift without an anchor. Since that repeal there remains no legislative standard by which to test whether such beverage is legally intoxicating, and the question becomes one of fact which must be determined by the trier of facts from the evidence. In the case before us no finding

150

was made by the court below, and no evidence was submitted to the court from which it could determine whether or not 3.2 per cent beer is in fact intoxicating and whether or not its manufacture and sale are within the restrictions of Article XXII of our Constitution."

In the instant case there was legal and competent evidence submitted to the trier of the facts that 3.2 per cent beer is not intoxicating, and the trial judge so determined. By such finding we are concluded. See, also, *Risby v. Swan, Admr.,* 124 Colo. 567, 239 P. (2d) 600; *Rocky Mountain Motor Company v. Airport Transportation Company, et al.,* 124 Colo. 147, 235 P. (2d) 580.

There is nothing in the record to show that the town trustees acted in an arbitrary or capricious manner when they adopted the ordinance in question. The burden rested on plaintiff to make such a showing. In the absence of a finding that the 3.2 per cent beer was in fact intoxicating, the town had the right to reasonably regulate its sale.

The ordinance of the town authorizing the issuance of weekly dance permits provided: "No dance shall be opened to the public * * * where intoxicating liquors or 3.2 beer are sold or dispensed, and provided further that any infraction hereof shall be deemed just cause for revocation of any such permit."

Plaintiff admits that she sold and dispensed 3.2 per cent beer at the public dance hall she conducted. Her permit, therefore, was subject to revocation at any time. Disturbances resulting in stabbings and one death having arisen in the town and being traced to this public dance hall, the trial court found, and we must conclude, that the trustees were justified in revoking the dance permit.

The town trustees are vested with authority to enact proper ordinances and regulations for the orderly conduct of the people of their community. Here, the trustees decided, among other matters, that because of difficulties arising out of the conduct of persons attending public dances, no such dances should be held in the

town until further action by the trustees. This was their province and the record is silent as to anything even remotely indicating that their action was arbitrary or capricious.

The judgment of the trial court is affirmed.

Mr. Justice Clark and Mr. Justice Bradfield not participating.

Mr. Justice Alter dissents.