No. 18,847.

CITY OF AURORA $v.$ EUNICE MAY MITCHELL.
(357 P. [2d] 923)

Decided November 28, 1960.   Rehearing denied January 9, 1961.

Mr. LESLIE A. GIFFORD, Mr. RICHARD L. GREENER, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE SUTTON delivered the opinion of the Court.

EUNICE MAY MITCHELL was charged with the violation of four ordinances of the City of Aurora relating to careless driving, duty to report an accident, destruction of public property and destruction of private property. These ordinances are all part of a model Traffic Ordinance for Colorado Municipalities originally prepared for statewide municipal adoption by the Colorado Municipal League and adopted by the official committee of the Colorado Highway Safety Council in 1952 and subsequently filed with the Office of the Secretary of State in Denver. The offenses were committed on East Colfax Avenue, a state highway within the Aurora city limits.

On April 30, 1958, defendant appeared in the Police Magistrate Court of that city and entered her plea of not guilty. She was found guilty of all charges and fined a total of $50.00. She appealed the conviction to the County Court of Arapahoe County,. in which she moved to dismiss on the grounds that all violations were matters of statewide concern exclusively, and that the Municipal Court of the City had no jurisdiction to try and determine the offenses.

On July 16, 1958, the trial court found that "the matters and things raised in defendant's motion are of statewide concern" within the meaning of *City of Canon City v. Merris* (1958), 137 Colo. 169, 323 P. (2d) 614, and ordered that the case be dismissed. The city is here by writ of error excepting to the ruling.

The City of Aurora, a statutory city of the second class, exists under and by virtue of C.R.S. '53, 139-31-1.

Article XX, Section 6 of the Constitution of the State of Colorado, which was involved in *Merris*, supra, grants to all cities or towns of the state having a population of two thousand inhabitants or more the right of "home rule." This Article, however, does not apply to other than home rule cities which have adopted charters pursuant thereto. As to cities and towns not thereunder it is apparent that they may not enact or enforce any ordinance or regulation relating to motor vehicles which

supersedes or attempts to nullify a comparable state statute on the same subject matter.

Thus, in the instant case we need determine whether a statutory city as distinguished from a charter city *may supplement* state traffic regulations, and if they may do so then under what conditions and whether the ordinances in question are in conflict with the state statutes. The power to supplement was expressly granted by the General Assembly in 1935 when it enacted the "Uniform Safety Code," pertinent provisions of which are found in C.R.S. '53, 13-4-6, as follows:

"The provisions of this article shall be applicable and uniform throughout this state *and in all political subdivisions and municipalities therein and no local authority shall enact or enforce any rule or regulation in conflict with the provisions of this article unless expressly authorized herein. Local authorities may adopt additional traffic regulations which are not in conflict with the provisions of this article.*" (Emphasis added.)

Obviously this *state statute* can have no effect as to *charter city ordinances* which adopt, by virtue of Article XX, traffic regulations on "local and municipal" matters. The statute is a recognition, however, of the need for certain supplemental municipal traffic regulation in other than charter cities and it is a specific grant of authority to such local communities to impose additional controls not in conflict therewith where deemed locally necessary.

We perceive from a reading of 13-4, supra, that most of the sections apply to all public highways within the state and to the drivers of vehicles thereon as well as to the vehicles themselves. It further reveals that in some instances local authorities are given express power to supplement the statutes where it is apparent that local control may be necessary in addition to state control.

We note that as to none of the four offenses charged here has the general assembly delegated express power to local authorities to act. Authority, if any, must be

found under the general grant of power. Thus, in order to be valid, the four ordinances involved would have to be proper additional traffic regulations permitted by section 6, supra.

The first ordinance, Section 118 of Ordinance No. 541, Traffic Ordinance of the City of Aurora, deals with careless driving. In *Retallack v. Colorado Springs* (1960), 142 Colo. 214, 351 P. (2d) 884, it was held by a divided court that a home rule city could consider the area of reckless and careless driving to be a matter of local and municipal concern. This ruling does not apply to Aurora because it was not a home rule city when these offenses occurred. The statute in question (13-4-32) makes complete provision for this offense, leaving nothing to supplement. The state having preempted the field, the ordinance must fall. *Golden v. Ford* (1960), 141 Colo. 472, 348 P. (2d) 951.

The second ordinance, Section 121 (a) of Ordinance No. 541, Traffic Ordinance of the City of Aurora, provides as follows:

"Duty to report accidents immediately.

"(a)  The driver of a vehicle involved in an accident resulting in injury or death to any person, or any property damage shall by the quickest means of communication, give notice of such accident to the police department. No vehicle involved in such accident shall be moved except when so ordered by a police officer."

The comparable provisions of the state statute, C.R.S. '53, 13-4-22 (1), provides as follows:

"Duty to report accidents. (1) The driver of a vehicle involved in an accident resulting in injury to or death of any person or any property damage shall within twenty-four hours after such accident, forward a written report of such accident to the department, except that when such accident occurs within an incorporated city or town such report shall be made within twenty-four hours to the police headquarters in such city or town.

Each police department shall forward a copy of every report so filed with it to the department.

"It shall be the duty of all sheriffs, police departments and all other peace officers to report to the department on the form provided all accidents within twenty-four hours of the time they receive such information."

A comparison of this ordinance with the statute shows that Aurora has required what amounts to immediate notice of an accident whereas the state requires notice only within twenty-four hours; and, that Aurora has added a prohibition against removal of the vehicle.

As to the notice, the ordinance is invalid because it requires something different than the statute expressly provides. See *Sierota v. Scott* (1960), 143 Colo. 248, 352 P. (2d) 671.

As to the prohibition on removal, the ordinance does not encroach because neither 13-4-22 on reporting, nor 13-4-17 and 18 covering accidents involving death, injuries and property damage, cover this phase of an accident. However, since the ordinance as cited to us fails to provide a severability clause, we must hold that all of Section 12 (a) of Ordinance 541 must fail.

The third ordinance involved is Section 125 of Ordinance No. 541 entitled "Duty on Striking Fixtures on a Street or Roadway." The provisions of this ordinance are not in the record. As we do not take judicial notice of municipal ordinances here we must be governed solely by the statute. *Wolfe v. Abbott* (1913), 54 Colo. 531, 131 Pac. 386.

An examination of 13-4-1, *et seq.,* reveals that there are state statutes (C.R.S. '53, 13-4-16 and 21) covering the subject matter of "Interference with official devices" and a driver's "Duty upon striking highway fixtures." We therefore must conclude that this field has been preempted by the state and that section 125 of Ordinance No. 541 is invalid.

The fourth and last ordinance questioned is Section

640.2, Ordinance No. 564 of the Municipal Code of the City of Aurora, which provides as follows:

"Unlawful to Injure or Destroy Private Property. It shall be unlawful for any person to either willfuly, maliciously, or wantonly injure or destroy real property or improvement thereto, or movable or personal property, belonging to any person, persons, corporation, partnership or association."

Section 40-18-1, Colorado Revised Statutes, 1953, a comparable state statute, reads:

"Unlawful to destroy or damage property belonging to another person. If any person * * * shall wantonly, unlawfully, willfuly or maliciously destroy or injure the personal property of another by any means not particularly mentioned or described in this section, when the damage to the real or personal property destroyed or injured shall be twenty dollars or less, on conviction, shall be punished by a fine not exceeding one hundred dollars, or imprisonment in the county jail not more than three months, or both such fine and imprisonment, in the discretion of the court; where the damage to the real or personal property destroyed or injured shall exceed twenty dollars, but shall be less than one hundred dollars, on conviction, shall be punished by a fine of not exceeding one thousand dollars, or imprisonment in the county jail not exceeding one year, or both such fine and imprisonment, in the discretion of the court; where the damage to the real or personal property destroyed or injured exceeds the sum of one hundred dollars, shall on conviction, be punished by imprisonment in the penitentiary for not less than one year nor more than ten years."

Here we have a state statute of general application, not limited to the field of traffic regulation, which has preempted the field and which has even prescribed that certain violations thereof are a felony. It is clear that the legislature has determined this to be of statewide

concern, hence we must hold Section 640.2 of Ordinance No. 564 is also invalid.

The judgment is affirmed.

MR. JUSTICE HALL not participating.