No. 19,466.

LARRY WILLIAM VANATTA *v.* TOWN OF STEAMBOAT
SPRINGS.
(361 P. [2d] 441)

Decided May 1, 1961.

Mr. ROBERT H. GLEASON, for plaintiff in error.

Mr. NICHOLAS MAGILL, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error was convicted in the magistrate's court of the incorporated town of Steamboat Springs on a charge of reckless driving as provided in the town ordinance. Appeal was taken to the county court where a like result obtained, and defendant is here on writ of error challenging the validity of the ordinance.

The case was tried below in 1960 and was at issue in this court many months before the decision in *City of Aurora v. Mitchell,* 144 Colo. 526, 357 P. (2d)

923, decided November 28, 1960, rehearing denied January 9, 1961. That decision is here controlling. It was there said that cities and towns not organized as home rule cities under Article XX, Section 6 of the Constitution of the State of Colorado:

"* * * may not enact or enforce any ordinance or regulation relating to motor vehicles which supersedes or attempts to nullify a comparable state statute on the same subject matter."

The case further holds:

"* * * In Retallack v. Colorado Springs (1960), 142 Colo. 214, 351 P. 2d 884, it was held by a divided court that a home rule city could consider the area of reckless and careless driving to be a matter of local and municipal concern. This ruling does not apply to Aurora because it was not a home rule city when these offenses occurred. The statute in question (13-4-32) makes complete provision for this offense, leaving nothing to supplement. The state having preempted the field, the ordinance must fall. Golden v. Ford (1960), 141 Colo. 472, 348 P. 2d 951."

Steamboat Springs is in a similar category with Aurora and with like restrictions on its authority.

The judgment is reversed and the cause remanded with directions to dismiss the charge.