No. 23339.

The People of the State of Colorado ex rel. The City
of Aurora, a municipal corporation $v$.
Richard Lee Thompson.
(437 P.2d 537)

Decided February 26, 1968.

L. M. Coulter, Harold L. Davison, for petitioner.

No appearance for respondent.

*En Banc.*

Mr. Chief Justice Moore delivered the opinion of the
Court.

UPON petition filed by the city of Aurora, certiorari was granted to review the judgment of the district court of Arapahoe county affirming the action of the county court which invalidated an ordinance of the city of Aurora. The ordinance in question reads as follows:

"11-18-4: Careless Driving: Every person operating a vehicle upon the streets within this City shall drive the same in a careful and prudent manner, having regard for the width, grade, curves, corners, traffic and use of these streets and all other attendant circumstances, so as not to endanger the life, limb, or property of any person. Failure to drive in such manner shall constitute careless driving and a violation of this Title. Every person found guilty of careless driving shall be punished by a fine of not more than three hundred dollars ($300.00) or by imprisonment for a period of not more than ninety (90) days."

The respondent Richard Lee Thompson was accused in the municipal court of Aurora of violating the above ordinance by certain conduct which occurred on May 14, 1966. He was found guilty in that court and upon appeal to the county court of Arapahoe county the action against him was dismissed upon motion of his counsel. It was asserted in the motion that the ordinance was invalid because it conflicted with the state statute which prohibited careless driving, to wit, C.R.S. 1963, 13-5-32; and also because 1965 Perm. Supp., C.R.S. 1963, 13-5-6 required the ordinance to conform to the state statute. These statutes read as follows:

C.R.S. 1963, CARELESS DRIVING — PENALTY.

"(1) Any person who drives any motor vehicle in a careless and imprudent manner, without due regard for the width, grade, curves, corner, traffic and use of the streets and highways and all other attendance (sic) circumstances is guilty of careless driving.

"(2) Every person convicted by a court of competent jurisdiction of a violation of this section shall be punished by a fine of not less than ten dollars nor more

than five hundred dollars, or by imprisonment for a period of not more than ten days or by both such fine and imprisonment."

C.R.S. Perm. Supp. 1965, 13-5-6. Provisions uniform throughout state.

"(1) The provisions of this article shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein. All local authorities may enact, adopt, or enforce traffic regulations which cover the same subject matter as the various sections of this article; provided, that no local authority shall adopt, enact, or enforce any ordinance, rule or resolution in conflict with this article, except for such additional traffic regulations as provided for in section 13-5-7. * * *"

As already indicated, the ordinance was finally invalidated by the district court, and the city of Aurora seeks reversal of that judgment.

▪ The city argues: (1) That the ordinance substantially conforms to the provisions of the state statute and "does not require a different standard of conduct"; and (2) assuming that the ordinance is out of conformity with the state statute in a material particular, the state statute is inoperative within the territorial limits of the home rule city of Aurora, for the reason that the ordinance relates to a matter of "local and municipal concern." Aurora relies on *City of Aurora v. Mitchell,* 144 Colo. 526, 357 P.2d 923, and *Retallick v. Police Court of the City of Colorado Springs,* 142 Colo. 214, 351 P.2d 884. We hold that the pronouncements of this court in the above cited cases are controlling in this action and the trial court erred in holding to the contrary.

Assuming without deciding that the ordinance lacks conformity with the statute, the latter is inoperative within the limits of the home rule city. The ordinance has preempted the field in a "local and municipal matter" and the statutes of the State of Colorado have been "superseded" by the ordinance adopted by the

city of Aurora. Colorado constitution, Article XX, § 6(h).

The judgment of the district court is accordingly disapproved.