491 P.2d 1371 (1971)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Fireman's Fund Insurance Company, Plaintiffs-Appellants, and
Security Life and Accident Company, a Colorado corporation, and the Capitol Life Insurance Company, a Colorado corporation, Intervenors-Appellants,
v.
Charles L. TEMPLE, as Manager of Revenue of the City and County of Denver, et al., Defendants-Appellees.
No. 24754.
Supreme Court of Colorado, En Banc.
December 20, 1971.
*1372 Wormwood, Wolvington, Renner & Dosh, Laird Campbell, Robert C. Miller, Denver, for plaintiffs-appellants.
Gorsuch, Kirgis, Campbell, Walker & Grover, Leonard M. Campbell, Stephen A. Weinstein, Denver, for intervenors-appellants.
Max P. Zall, City Atty., W. Keith Peterson, Asst. City Atty., Denver, for defendants-appellees.
DAY, Justice.
The appeal herein is the third case to come to this Court involving Ordinance 232 as amended by Ordinance 375, Series 166D of the Revised Municipal Code of the City and County of Denver, whereby an occupational tax was imposed upon businesses and employment engaged in within the City of Denver. In Denver v. Duffy Storage & Moving Co., 168 Colo. 91, 450 P.2d 339 (1969), we upheld the power of Denver to impose the tax as being purely a local and municipal matter within the powers granted to home rule cities by Article XX, Section 6, of the Colorado constitution. The validity of the tax on employees and elected officials of the State of Colorado was upheld in Hamilton v. Denver, Colo., 490 P.2d 1289, Supreme Court No. 24769, announced September 20, 1971. This case challenges the power of Denver to impose the tax on insurance companies doing business in the city.
Appellants, State Farm Mutual Automobile Insurance Company and Fireman's Fund Insurance Company, paid the occupational tax monthly as it became due, but did so under protest. They filed suit seeking a refund and an adjudication that the ordinance was null and void as to them. Appellants, Security Life and Accident Company and Capitol Life Insurance Company, did not pay any of the monthly assessments as they became due, and intervened in the State Farm action. All joined in contending that the occupational tax as to them is prohibited because of the enactment of 1965 Perm.Supp., C.R.S. 1963, 72-1-14(1) (c), which provides inter alia "* * * no other occupation tax or other taxes shall be levied or be collected from any insurance company by any county, city or town within this state * * *."
Denver, in filing counterclaims against the intervenors, demanded the payment of *1373 back taxes and the imposition of a penalty under subsection 1.20 of Ordinance 232 for failure to pay such taxes as they came due.
All parties waived oral argument, and the trial court held section 72-1-14(1) (c) violative of the Colorado constitution, supra, and void as to home rule cities insofar as it purports to bar Denver from imposing a business occupational privilege tax upon the appellants. Denver was granted summary judgment, the complaints were dismissed, and judgment was entered on the counterclaims. Imposition of the penalties sought was denied, but intervenors were ordered to pay interest at 6% per annum on their unpaid taxes from the dates said taxes had become due.
In their joint brief, appellants admit that summary judgment was appropriate; however, they dispute the trial court's interpretation of the applicable laws so as to render Ordinance 232 valid as to them. Their arguments will be discussed under I. Additionally, intervenors seek reversal of the judgment for 6% interest on the taxes if found to be valid. That issue will be discussed under II.

I.
Appellants argue that the regulation of the insurance industry is a matter of state, not local, concern, and therefore outside Article XX, Section 6, supra; that C.R.S.1963, chapter 72, including section 72-1-14(1) (c), establishes a comprehensive regulatory program; that by making it "* * * unlawful for any person to engage in business within Denver... without having paid the tax * * *" (subsection 1.6-1), Ordinance 232 attempts to regulate the insurance business and, therefore, is unconstitutional as applied to appellants. Appellants further contend, arguendo, that if the regulation of the insurance industry is a matter of both state and local concern, section 72-1-14(1) (c) expressly pre-empts the field of insurance company taxation, and therefore the Denver occupation tax would still be unconstitutional as applied to appellants.
We have already determined in Duffy, supra, that business occupational privilege taxes imposed solely for the purpose of raising revenue for city governmental activities is strictly of local concern, and consequently that Denver, as a home rule city, has the power to impose such taxation under Article XX, section 6, supra. Jackson v. Glenwood Springs, 122 Colo. 323, 221 P.2d 1083 (1950); Post v. Grand Junction, 118 Colo, 434, 195 P.2d 958 (1948); see Englewood v. Wright, 147 Colo. 537, 364 P.2d 569 (1961); Ping v. Cortez, 139 Colo. 575, 342 P.2d 657 (1959). Thus, the only new question presented by this argument is that Ordinance 232 is not strictly a revenue producing measure, and by the language of subsection 1.6-1, supra, quoted above, is regulatory.
A reading of the entire ordinance indicates that the tax is not imposed upon the right to do business, but upon the engaging in business in Denver. See Post v. Grand Junction, supra. In subsection 1.3-1, supra, it is stated that "[t]he tax levied under this article is imposed purely for revenue purposes for the support of the government of ... Denver * * *." (Emphasis added.) In subsection 1.26, supra, it is declared that "* * * the purpose of the levy of the taxes imposed by this article is for the raising of funds for the payment of the expenses of operating the City. * * *." (Emphasis added.) And, in subsection 1.5-2, supra, it is noted that:
"No delinquency in payment of the tax herein provided for and no violation or conviction for such violation of this article, shall be grounds for the suspension or revocation of any other license issued to any person engaged in business within Denver, by the Manager of Safety and Excise, Manager of Health and Welfare, and the Manager of Revenue nor any other official of Denver under any licensing provisions of the Revised Municipal Code or other ordinances, nor shall the same be grounds for the suspension or revocation of any other license issued by any licensing authority pursuant to *1374 the statutes enacted by the General Assembly of Colorado."
It is obvious that Ordinance 232 was drafted with the distinction between regulation and taxation well in mind. Post v. Grand Junction, supra. We adhere to Denver v. Duffy, supra, and hold the ordinance to be exactly what it purports to be, a revenue producing measure for Denver.
It follows, then, that with the grant of the taxing power to home rule cities, the state legislature cannot, under the guise of its police power to regulate the insurance industry, prohibit a home rule city, such as Denver, from taxing such businesses their share of the benefits enjoyed for the privilege of doing business therein. Compare Post v. Grand Junction with Denver v. Duffy, both supra, and People ex rel. Aurora v. Thompson, 165 Colo. 172, 437 P.2d 537 (1968). Application of section 72-1-14(1) (c) must be viewed as to be limited to counties and statutory cities and towns, but superseded in Denver.
Appellants next argue that the tax exemption established in section 72-1-14(1) (c) is an integral part of the regulation of insurance companies, and, thus, that it is a legislative declaration, under the police power, of the state's public policy, by which a municipality is bound even with regard to matters of strictly local concern. For this proposition, appellants cite Denver v. Tihen, 77 Colo. 212, 235 P. 777 (1925) as "in point" and "determinative" of their position. The case, however, is distinguishable from the instant case. Tihen, supra, involved a municipal assessment levied upon a nonprofit cemetery. A state statute extended a constitutional exemption from taxation (Colo.Const. art. X, § 5) to include local assessments upon such property. The Court held that the public nature of nonprofit cemeteries, which provide a needed function which otherwise would devolve upon the public, indicated a statewide policy of complete exemption from the burdens of taxation, including assessments, to be salutary. Insofar as Tihen, supra, stands for the proposition that the matter of assessment for local improvement districts is of state-wide concern, we expressly overrule it.
The statute involved in the instant case, however, imposes state taxes on profit-making companies for the operation of the state insurance department which is charged with the duty of regulating the companies. The exemption attempted to be granted therein is perfectly valid except in home rule cities which, by the power of Article XX, section 6, supra, have local taxing powers which the legislature cannot take away. The same applies to the argument of pre-emption. A similar contention of pre-emption in the sales tax field was answered in Berman v. Denver, 156 Colo. 538, 400 P.2d 434 (1956).

II.
Intervenors ask that in the event we uphold the tax that we find the trial court erred in assessing 6% per annum interest on their back taxes. We agree. Although the trial court failed to specify by what authority it assessed the charge, Denver implies that it was made under authority of Ordinance 232. This contention is without merit. The court expressly declined to impose the penalty provided under subsection 1.20, supra. The specific rate provided by that section of the ordinance is 1% per month to be imposed by the Manager of Revenue, after certain findings of wilfullness. Such charge cannot be made by the court under authority of Ordinance 232. It appears, consequently, that the taxing of interest probably was imposed under C.R.S.1963, 73-1-2, which, in part, provides for a 6% annual rate on bills, bonds, notes and other instruments in writing. Such agreement, however, "* * * must be one expressing mutuality of contract." Cobb v. Stratton's Estate, 56 Colo. 278, 138 P. 35 (1914). Clearly, a contractual relationship is not involved in a claim for overdue taxes. See People ex rel. Du Page County v. Smith, 21 Ill.2d 572, 173 N.E.2d 485 (1961).
Judgment declaring section 72-1-14(1) (c) to be unconstitutional as applied to *1375 Denver is affirmed, and judgment imposing an interest charge upon intervenors for back taxes is reversed.
KELLEY, J., specially concurring.
KELLEY, Justice (specially concurring).
I expressed my basic disagreement with Ordinance 232 in Denver v. Duffy Storage & Moving Co., 168 Colo. 91, 450 P.2d 339, and have not been convinced of the error of my ways. However, Duffy and its sequels are now the law so I reluctantly bow to the judgment of the majority.