## No. 24896

**Security Life and Accident Company v. Charles L. Temple, Manager of Revenue of the City and County of Denver; and The City and County of Denver, a Municipal Corporation**
(492 P.2d 63)

Decided January 3, 1972.          Rehearing denied January 24, 1972.

Dawson, Nagel, Sherman & Howard, Arthur K. Underwood, Jr., Donald W. Roe, for plaintiff-appellee.

Max P. Zall, City Attorney, W. Keith Peterson, Assistant, for defendants-appellants.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

The principal issue in this case is the validity of Denver's sales tax and use tax as applied to the purchases and use of tangible personal property within Denver by insurance companies. Although other questions are raised in the briefs, our resolution of this issue will be determinative of them.

Insurance companies by statute pay the state a gross premiums tax under C.R.S. 1963, 72-1-14. Additionally, 1965 Perm. Supp., C.R.S. 1963, 72-1-14(1)(c) provides that said premiums tax "* * * shall constitute all taxes collectible under the laws of this state against any such insurance companies, and no other occupation tax or other taxes shall be levied or be collected from any insurance company by any county, city, or town within this state * * * *" Claiming that the exemption applied to Denver's local sales tax and use tax, appellee sought a refund of taxes paid by it under Article 166 and 166A of the Revised Municipal Code of Denver. A hearing was held before Denver's Manager of Revenue, who denied the refund.

Review by certiorari was had in the district court wherein Denver was made a party. The trial court reversed the ruling of the Revenue Manager, interpreted the exemption granted

in section 72-1-14(1)(c) to apply and entered judgment against Denver for taxes paid together with interest at 6% per annum from the date of filing. We reverse.

Appellee asserts that the exemption of insurance companies from local sales and use taxes under section 72-1-14(1)(c) is within the prerogative of the state legislature because regulation of insurance companies is of state-wide concern and uniformity in insurance company taxation is necessary to carry out the regulatory program established by C.R.S. 1963, 72-1-1 *et seq.*

The argument focuses upon a misconception of the question involved. The activity of the entity taxed is not controlling when testing whether Denver is acting in a purely local and municipal matter. The point is that the power to levy sales and use taxes for the support of the local home rule government is "essential * * * to the full exercise" of the right of self-government granted to such cities under Article XX, section 6. That the power to levy and collect within Denver excise taxes such as the sales tax is purely " 'local and municipal' concern" was delineated clearly in *Berman v. Denver,* 156 Colo. 538, 400 P.2d 434 (1965). *See State Farm Mut. Auto, Ins. Co. v. Temple,* 176 Colo. 537, 491 P.2d 1371; *Denver v. Duffy,* 168 Colo. 91, 450 P.2d 339 (1969), and cases cited therein. The state, even when acting under its regulatory powers, cannot prohibit home rule cities from exercising a power essential to their existence (local taxation).

The complete autonomy of a home-rule city such as Denver in the enactment of purely local excise taxes and the sales tax is set out in strong language by this court in *Four County Dist. v. Commissioners,* 149 Colo. 284, 369 P.2d 67 (1962), wherein we said,

"Ours is a government by law, not a government by men. That which cannot be done because of constitutional limitations upon the power of officeholders, simply *cannot be done, either directly or indirectly, notwithstanding that desirable, social or economic ends might be achieved by ignoring the limitations, and despite the unquestioned good*

*intentions of those seeking to exercise the powers thus forbidden.*

\* \* \*

In numerous opinions handed down by this court extending over a period of fifty years, it has been made perfectly clear that *when the people adopted Article XX they conferred every power theretofore possessed by the legislature to authorize municipalities to function in local and municipal affairs.*

\* \* \*

By the Home Rule Amendment the General Assembly had been deprived of *all the power it might otherwise have had to legislate concerning matters of local and municipal concern. Particularly is this true where a home rule city had adopted a charter or ordinances governing such matters.*

\* \* \*

When the people by constitutional provision have lodged exclusive power in a political subdivision of government such as a home rule city, *that power may be exercised only by the entity to which it was granted,* and the home rule city cannot delegate the power elsewhere. *Neither can the General Assembly re-invest itself with any portion of the authority it lost to home rule cities upon the adoption of Article XX by the people. Only direct action of the people can restore to the General Assembly any portion of the exclusive right of home rule cities to govern themselves in matters of local and municipal concern.*" (Emphasis added.)

We would not hazard a guess as to the myriad businesses carried on in Denver which are state-wide or even national and international in scope. Public utilities and common carriers are but a few which come to mind. If from the nature of the business activity the legislature could pre-empt the taxing field and grant exemption from local home-rule taxing authority, then there could follow an erosion of that portion of Article XX, section 6, *supra,* which states:

"It is the intention of this article to grant and confirm to the people of all municipalities coming within its provisions the full right of self-government in both local and municipal

matters and the enumeration herein of certain powers shall not be construed to deny such cities and towns, and to the people thereof, any right or power essential or proper to the full exercise of such right."

We hold, therefore, that the exemption granted in section 72-1-14(1)(c) has been superseded within Denver by the enactment of local sales and use taxes. *See State Farm Mut. Auto. Ins. Co. v. Temple, supra. Compare Berman v. Denver, supra,* with *People v. Thompson,* 165 Colo. 172, 437 P.2d 537 (1968).

Judgment reversed and cause remanded to dismiss the action.

MR. JUSTICE ERICKSON and MR. JUSTICE GROVES dissenting.

MR. JUSTICE ERICKSON, with whom MR. JUSTICE GROVES joins, dissenting:

I respectfully dissent.

The plain statutory language set forth in C.R.S. 1963, 72-1-14, requires that insurance companies pay a gross premiums tax. The tax is uniformly collected from insurance companies throughout the State of Colorado. In my opinion, regulation of insurance companies is of state-wide concern and must be uniform if the industry is to be regulated through the use of this type tax. C.R.S. 1963, 72-1-1. After obligating insurance companies to pay the gross premiums tax, the legislature granted an exemption against further taxation. 1965 Perm. Supp., C.R.S. 1963, 72-1-14(1)(c). This cannot be affected under a home rule city's powers. I find a distinction between the situation involved in this case and those involved in the cases cited in the majority opinion. I would affirm.