Ms. Paula Herzmark Executive Director Department of Local Affairs 1313 Sherman Street Denver, Colorado
Dear Ms. Herzmark:
QUESTION PRESENTED AND CONCLUSION
Are home rule cities limited to the seven percent ceiling on sales tax assessments set forth in C.R.S. 1973, 29-2-108?
My conclusion is "no."
ANALYSIS
Article XX, section 6 of the Colorado Constitution grants home rule cities the exclusive power to control matters of local concern. In Berman v. City County of Denver,176 Colo. 6, 490 P.2d 1289 (1971) this constitutional grant of power was held to include the power to levy sales and use taxes to raise revenue for the affairs and business of the city. Such power has been held to be essential to the full exercise of the right of self-government granted to such cities by Article XX, and such power is purely of local concern.Security Life Accident Co. v. Temple, 177 Colo. 14,492, P.2d 63 (1972).
Article XX further states:
 Such charter and ordinances made pursuant thereto in such (local and municipal) matters shall supersede, within the territorial limits . . . of said cities . . . any law of the state in conflict therewith.
 The statutes of the state of Colorado, so far as applicable, shall continue to apply to such cities . . ., except insofar as superseded by the charter or ordinances passed pursuant to such charters.
It is pertinent to note that although some of the grants of power within the Colorado Constitution contain a limitation "unless otherwise provided by law", no such provision is present in Article XX.
While the legislative declaration preceding C.R.S. 1973, 29-2-101,et seq. speaks to a higher degree of uniformity in the imposition of sales taxes, C.R.S. 1973, 29-2-107(1) clearly states that "nothing within this article shall be construed to affect or limit the powers of home rule cities organized under Article XX. . . ." And 29-2-107(3) specifically exempts home rule cities from conformity with the provisions of the article.
In Security Life v. Temple, supra, the court specifically addressed appellee's contention that regulation of insurance companies was an issue of State-wide concern and that the State's interest in uniformity should govern when determining the imposition of sales and use taxes under Article XX. The court held:
 The argument focuses upon a misconception of the question involved . . . The point is that the power to levy sales and use taxes for the support of local home rule government is "essential to the full exercise" of the right of self-government granted to such cities under Article XX, section 6. That the power to levy . . . sales tax is purely "local and municipal" concern was clearly delineated in Berman v. Denver. . . . The state, even when acting under its regulatory powers, cannot prohibit home rule cities from exercising a power essential to their existence (local taxation). Security Life 492 P.2d at 64.
As stated in Gosliner v. Denver Election Commission,191 Colo. 328, 552 P.2d 1010 (Aug. 3, 1978), general legislation does not preempt specific law unless the intent to do so is clear and unmistakeable. No such intent is present in Title 29, Article 2 of C.R.S. 1973. The legislature may not nullify the constitutionally created power of Article XX with a general statute, Gosliner, supra.
SUMMARY
It is the conclusion of the Attorney General that the imposition of sales tax by a home rule city, as contained within the city charter or ordinances made pursuant thereto, is exempt from the seven percent limitation on sales tax established by C.R.S. 29-2-108.
Very truly yours,
 J.D. MacFARLANE Attorney General
MUNICIPAL GOVERNMENT MUNICIPAL CORPORATIONS TAXATION AND REVENUE
C.R.S. 1973, 29-2-108
C.R.S. 1973, 29-2-107
Colo. Const. art. XX, § 6
LOCAL AFFAIRS, DEPT. OF Local Government, Div. of
Colo. Const. art. XX, § 6 exempts home rule cities from the seven percent sales tax ceiling in C.R.S. 1973, 29-2-108.