## No. 28252

## Deluxe Theatres, Inc. v. The City of Englewood, Colorado

(596 P.2d 771)

Decided June 25, 1979

C. Henry Toy, for plaintiff-appellant.

Bernard V. Berardini, City Attorney, Rick DeWitt, Assistant, for defendant-appellee.

*En Banc.*

MR. CHIEF JUSTICE HODGES delivered the opinion of the Court.

The appellant, Deluxe Theatres, Inc., brought an action in the trial court to have the City of Englewood's imposition of a three percent admissions tax declared void. Englewood, a home rule city, levied the tax on the price paid for admission to any public place or event. The tax is to be paid by the person paying the admission and collected and remitted to the city by the person who offers the entertainment. The trial court granted a summary judgment in favor of the city. We affirm.

On appeal, the appellant contends that because the admissions tax is not a tax on the transfer of tangible or corporeal property, it is substantially different from the statewide sales and use tax, section 29-2-101 *et seq.*, C.R.S. 1973, and therefore violates the uniformity clause of Article X, section 3 of the Colorado Constitution. We find no merit in the appellant's argument.

■ The uniformity clause in Article X, section 3 states in pertinent part:
"All taxes shall be uniform upon each of the various classes of real and personal property located within the territorial limits of the authority levying the tax . . . ."
We have repeatedly held that this constitutional provision refers solely to a direct or ad valorem tax upon property and does not apply to an excise tax imposed on privileges and occupations. *Jackson v. City of Glenwood Springs,* 122 Colo. 323, 221 P.2d 1083 (1950); *California Co. v. State,* 141 Colo. 288, 348 P.2d 382 (1959); *Hughes v. State,* 97 Colo. 279, 49 P.2d 1009 (1935). The Englewood admissions tax is an excise tax levied directly by the city, without assessment, and is imposed without regard to the nature or value of assets. As such, it constitutes an excise tax and not an advalorem tax and is therefore not subject to the constitutional restriction of Article X, section 3. *Walker v. Bedford,* 93 Colo. 400, 26 P.2d 1051 (1933).

■ The only question remaining is whether or not Englewood, as a home rule city, is authorized by Article XX, section 6 of the Colorado Constitution to levy an admissions tax.

Article XX, section 6 grants home rule cities "the full right of self-government in both local and municipal matters and . . . shall not be construed to deny . . . any right or power essential or proper to the full exercise of such right." It can no longer be seriously questioned that a home rule city has the authority to levy an excise tax on a privilege within

the city limits. This power has been found to be essential to the full exercise of the right to self-government granted to home rule cities by Article XX, the Home Rule Amendment. *State Farm Mutual Automobile Insurance Company v. Temple,* 176 Colo. 537, 491 P.2d 1371 (1971); *Security Life and Accident Co. v. Temple,* 177 Colo. 14, 492 P.2d 63 (1972).

The judgment of the trial court is affirmed.