## No. 15,614.

### TOWN OF ECKLEY *v.* MEYERS ET AL.
(181 P. [2d] 1014)

Decided June 16, 1947.

Mr. Samuel Chutkow, Mr. Noah A. Atler, Mr. Joseph Berenbaum, for plaintiff in error.

Mr. J. L. Rice, Mr. Leon L. Hines, for defendants in error.

*En Banc.*

Mr. Chief Justice Burke delivered the opinion of the court.

These parties are hereinafter referred to as Eckley, Meyers and Bates, respectively.

Meyers owned two lots and the five-room house located thereon in the town of Eckley (a municipal corporation) having a population of approximately 250. Bates was engaged in the business of moving houses. September 1, 1942, Eckley passed ordinance No. 19 consisting of three sections. Section 1 made it unlawful for anyone to move a building over any street or alley of the town without a permit granted by the board of trustees. Section 2 required a written application for such a permit and the giving of a bond to pay any damages arising and taxes for the current year. Section 3 provided that if the building was to be moved out of the corporate limits, the owner was further required to make a cash payment of $500.

Eckley brought injunction October 18, 1943, alleging that Meyers and Bates were threatening to move the Meyers house outside the town without complying with the ordinance to the "irreparable loss and injury" of the town. For a second cause of action Eckley alleged its assessed valuation to be approximately $112,000; that it had outstanding $17,000 in water bonds; that the school district of which it was a part had outstanding an unknown amount of bonds; that other persons contemplated moving their property outside the town; that Bates proposed to do the work; and that property so

moved would not bear its share of taxes; hence the security for the bonds would be depreciated. Meyers answered that he had offered the town clerk bond and taxes as required by the ordinance, but that offer had been declined and the clerk refused to issue a permit until he first paid to Eckley $500 in cash, which demand he had refused. He further alleged his readiness to pay into court any deficiency and asserted the unconstitutionality of the ordinance. A temporary writ was issued and later dissolved by stipulation on deposit in court, by defendant, of an agreed sum to abide final judgment.

April 11, 1944, the cause was tried to the court which made specific findings of fact and law and entered judgment dismissing the action with costs. To review that judgment Eckley prosecutes this writ, contending that the admission of evidence as to the purpose of the passage of the ordinance and the ruling against the constitutionality were both erroneous.

■ In proper cases, of which this is clearly one, the purpose of the passage of an ordinance may be inquired into. Dillon on Municipal Corporations (5th ed.) vol. 2, §§580, 581. Eckley admitted that one purpose was to prevent the removal of buildings outside her corporate limits. Certain it is that such was the sole purpose of its attempted application to Meyers and Bates.

■■ Municipal corporations may forbid such activities as prize fights and the traffic in intoxicants and exercise the police power to that end by exacting such high licenses as to forestall them. *Antlers Athletic Ass'n v. Hartung et al.*, 85 Colo. 125, 274 Pac. 831. No such power, however, exists as to such enterprises as that here involved. Dillon on Municipal Corporations (5th ed.) vol. 2, §715.

■■ Ordinances must be just and reasonable, devoid of discrimination and oppression, and cannot be resorted to for illegal purposes. Dillon on Municipal Corporations (5th ed.) vol. 2, §§591, 593. This ordinance requires one who moves a building into Eckley, or from

place to place *in the town,* merely to pay current taxes and post a reasonable bond to pay resulting damages, if any, which the evidence discloses rarely exceeds a few dollars. In contrast therewith section 3 requires that he who moves a building *out of the town* shall be mulcted in the absurd sum of $500. Incorporated towns derive their sole powers from constitutional authority and these must be defined by general laws. Colo. Const. art. XIV, §13. Accordingly subdivision 7, section 10, chapter 163, volume 4, '35 C. S. A., authorizes them to *regulate* the use of their streets.

Section 3 of the ordinance here before us has nothing to do with regulation. It is pure prohibition. Such an ordinance is, as to said section here involved, on its face, everything that is forbidden, i. e., unjust, unreasonable, discriminative, oppressive, and resorted to for an illegal purpose, hence it is unconstitutional and void. Such being the case no other judgment than that pronounced was possible and other alleged errors require no notice.

The judgment is affirmed.