No. 23370.

City of Aurora, a municipal corporation organized and
existing under the Constitution and laws of the State
of Colorado *v.* Marcus C. Bogue, Jr., and
Donald E. Peel.
(489 P.2d 1295)

Decided October 26, 1971.

LELAND M. COULTER, Aurora City Attorney, for plaintiff in error.

YEGGE, HALL, TREECE AND EVANS, EDWARD H. WIDMANN, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE LEE.

THE City of Aurora, plaintiff in error, seeks to reverse an adverse judgment for $12,600 against it in favor of Marcus C. Bogue and Donald E. Peel. The money judgment awarded Bogue and Peel represents storm drainage fees required by the city to be paid as a condition to the issuance of building permits for construction of residences within an area described as the "6th Avenue Storm Sewer Project."

The City of Aurora, which was then a statutory city of the second class, adopted Ordinance No. 832 on March 2, 1959, which provided for the creation of the 6th Avenue Storm Sewer Project. It required the payment to the city of a $150 "storm drainage fee" for each homesite within the drainage area as a condition to the issuance of a building permit for construction of any structure within the area of the project. The fees by ordinance were to be retained in an escrow account and to be used only for construction of storm drainage facilities as contemplated by the project. Section 4 of the ordinance further provided:

"The City shall be responsible for the construction of the '6th Avenue Storm Sewer Project' and shall appropriate sufficient funds (over and above the amount collected by imposition of storm drainage fees) to enable construction of said project."

The ordinance provided no date for commencement or completion of the project.

The record shows that Bogue and Peel had paid fees during the year 1961 in the sum of $12,600 and that as of the time of the trial in September 1967 no storm sewer drainage facilities had been constructed by the city.

Among the trial court findings were:

"Up to the date of trial, there have been no storm drainage facilities constructed in accordance with the plans of the city engineer, entitled '6th Avenue Storm Sewer Project.' The City of Aurora has expended considerable sums of money on storm drainage engineering and design. No fees have been assessed to the owners of real property in the area who did not seek building permits.

"The fees imposed have no relationship to the size of the site nor to the value of the proposed improvements. No city-wide tax was adopted to be assessed for the purposes set out in the ordinance."

The court then concluded as a matter of law as follows:

"The Court finds that the imposition of this fee is in excess of the powers of the City, no services having been performed or are being performed by the City in exchange for the sums paid, and that it has no proper relationship to the fee charged for the building permit.

"The Court further finds that, if treated as a tax, the ordinance is not uniform in its operation, hence is discriminatory as to the plaintiffs, and is, therefore, illegal."

Judgment was thereupon entered in favor of Bogue and Peel.

We affirm the judgment.

 It is fundamental that statutory cities and towns derive their sole powers from constitutional authority which must be defined by general law (*Town of Eckley v. Meyers,* 116 Colo. 536, 181 P.2d 1014); that statutes granting such powers must be strictly construed and no powers may be exercised except those which are expressly conferred, or which exist by necessary implication (*Bernheimer v. Leadville,* 14 Colo. 518, 24 P. 332);

and that if a doubt exists as to a municipality's power, that doubt must be resolved against the municipality (*Citizens Co. v. Rocky Ford,* 132 Colo. 427, 289 P.2d 165).

Here, the city admits in its brief that the storm drainage fees were not special assessments as might have been properly imposed under the then specific statutory authority of C.R.S. 1953, 139-32-1(15)(22), or C.R.S. 1953, 139-78-3(7). It was not contended that the ordinance was enacted pursuant to the 1923 Act or the 1949 Act providing for Special Improvement Districts in Cities and Towns. C.R.S. 1953, 89-2-1 and 89-4-4. The city also admits the fees charged were not taxes.

The city bases its claim of validity on the authority conferred by C.R.S. 1953, 139-52-1 *et seq.,* which authorizes a municipality to construct sewerage facilities and to finance the construction by the issuance of revenue bonds. Subsection 6 under which the city assumed the authority to impose the sewer drainage fee provides the municipality shall have power:

"To prescribe, revise and collect rates, fees, tolls or charges *for services furnished by such sewerage facilities,* and in anticipation of the collection of revenues of such sewerage facilities to issue revenue bonds to finance in whole or in part the cost or acquisition, construction, reconstruction, improvement, betterment or extension of the sewerage facilities. . . ." (Emphasis added.)

It is clear from the language of the statute that the power to impose fees under this authority presupposes the construction and operation of a sewerage facility, as the fees are for "services furnished." In this case, admittedly no storm sewer facilities had been constructed or even commenced from the date of the enactment of the ordinance in March of 1959 until the date of trial in September 1967, a period of eight years. Obviously, no *services* were *furnished* for which a "rate, fee, toll or charge" could be validly imposed.

The city relies on *Western Corp. v. Ft. Collins,* 146 Colo. 464, 362 P.2d 155, in support of its position. That

case lends no support to Aurora's argument. There, the city of Fort Collins had constructed and was operating a sewer facility for which it imposed charges for services furnished. This Court held that under C.R.S. 1953, 139-52-2(6), municipalities are authorized to construct, operate and maintain a sewerage system and to prescribe reasonable rates for the *use* of such facility.

The judgment is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE KELLEY and MR. JUSTICE ERICKSON concur.