No. 23529.

CITY OF AURORA, A MUNICIPAL CORPORATION ORGANIZED AND EXISTING UNDER THE CONSTITUTION AND LAWS OF THE STATE OF COLORADO v. ANDREW LAND COMPANY, A COLORADO CORPORATION.
(490 P.2d 67)

Decided November 1, 1971.

LELAND M. COULTER, Aurora City Attorney, for plaintiff in error.

GERALD M. QUIAT, GEORGE LOUIS CREAMER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE LEE.

THE City of Aurora seeks reversal of two judgments entered against it in favor of Andrew Land Company, plaintiff in the trial court. Six claims for relief were asserted against Aurora in the District Court of Arapahoe County. The controversy arose out of the annexation of Andrew's land to the city and the imposition by the city of various fees for annexation, water taps, sewer taps, storm sewers, damages for failure to install a storm drainage system, and for recovery of excessive costs expended by the installation of over-designed water mains and a pressure reducing valve required by the city in Andrew's subdivision.

Judgment was awarded for $12,716.32 on the first claim for relief for return of annexation fees alleged to have been improperly charged Andrew Land Company by the city. The city asserts error and seeks reversal of this award. We agree and reverse this judgment for the reasons set forth hereinafter.

A second judgment for $29,700 was awarded Andrew Land Company on its second claim for relief for refund of storm drainage fees required to be paid under Ordinance No. 832 adopted March 2, 1959, by the City of Aurora. We affirm this judgment for the reasons set forth in *City of Aurora v. Bogue,* 176 Colo. 198, 489 P.2d 1295. The issue is identical to that in *Bogue,* and it is accordingly so resolved.

The trial court denied the third, fourth, fifth and sixth claims for relief. Andrew seeks reversal of these judgments of dismissal.

In July of 1958, a petition for annexation of the land under consideration was submitted to the City Council of Aurora. The following terms, in addition to those required by C.R.S. 1953, 139-11-2, were included in the petition:

"PETITIONER WAIVES ANY responsibility or duty of the City of Aurora to immediately furnish a municipal water supply for the lands herein described. Petitioner understands that such water will be made available by

the City of Aurora when practicable and feasible. Annexation fees shall constitute a lien upon the lands herein described from the time that water is supplied to said lands, until paid. Initial zoning of lands herein described shall be R-O residence district, pending a complete study and determination of proper zoning for said area.

"(A) When each final subdivision plat is filed and accepted by the City Council, an annexation fee of Two Hundred Twenty-Five ($225.00) Dollars shall be payable for each acre included in said subdivision plat, which shall release said lien as to said acreage so paid for.

"(B) Water tap and development fees shall be payable as each tap application is made. Water tap (5/9" and 3/4" meter) — Two Hundred Fifteen ($215.00) Dollars. Water development fee — Two Hundred ($200.00) Dollars.

"(C) When each final subdivision plat is filed and accepted by City Council, a Sanitary Sewer fee of Two Hundred Twenty-Five ($225.00) Dollars per acre shall be payable for each acre included in said subdivision plat.

"(D) As each building permit is applied for, a storm drainage fee of One Hundred Fifty ($150.00) Dollars per building site shall be due and payable."

The petition was accepted by the city and Ordinance No. 814 was adopted October 20, 1958, annexing the land to Aurora. It contained the following provision:

"The City of Aurora undertakes no obligation or responsibility to immediately furnish a municipal water supply for the lands herein annexed, but will undertake to furnish a municipal water supply when practicable and feasible. At such time as municipal water is made available to the lands herein annexed, fees of $225.00 per acre shall constitute a lien upon the lands herein described from the time that water is supplied to said lands, until paid. At such time as municipal water is made available to the lands herein annexed, water development fees and tap fees shall be chargeable to the property in an amount or amounts as determined by City Council and

such fees shall constitute a lien upon said lands until paid."

On March 5, 1959, Ordinance No. 833 was adopted by the city. This ordinance provided for the payment of a "water development fee" for each residence tap on the Aurora system, the amount of which fee was graduated upward depending on the size of the water tap issued. Water development fees were charged Andrew Land Company in accordance with the tap schedule, and Andrew complains of overcharges amounting to $23,900, for which it sought recovery under its fourth claim for relief.

On March 5, 1959, Ordinance No. 831 was also adopted by the city, imposing sanitary sewer fees of $225 per acre for lands not previously served by Aurora's sanitary sewer system. Sewer fees in the amount of $15,016.50 were charged Andrew Land Company in connection with development of its annexed lands. The company sought recovery of these fees under its fifth claim for relief.

Under the sixth claim for relief, recovery was sought for excessive costs amounting to $10,541.06, which Andrew was compelled to expend in complying with the city's design requirements in the installation of water mains and a pressure reducing valve for Andrew's subdivision.

We now consider the alleged errors asserted by the parties.

I.

We agree with Aurora that the judgment for $12,716.32 on the first claim for relief for return of annexation fees was erroneous. It was clearly within the power of the city to require the payment of the annexation fees as a condition of annexation. *Colo. Springs v. Kitty Hawk,* 154 Colo. 535, 392 P.2d 462. The contention that Andrew was entitled to recover the annexation fees paid, however, is predicated not on want of authority in the city, but rather on the method by which the city council determined to impose such fees.

 The rationale supporting the trial court's judgment was based upon Ordinance No. 654 adopted by Aurora on May 2, 1955. This ordinance provides:

"Fees. City Council shall from time to time, by proper resolution, determine the amount of fees that shall be charged as a condition of annexation of lands to the City of Aurora and the method of payment of any such fees. Nothing herein contained shall be construed as prohibiting the City Council from accepting land or other improvements in lieu of any fees so established."

It was argued in the trial court, and the court held, that imposition of an annexation fee could be accomplished only "by resolution" and not by ordinance, as was done. It was contended that *Gordon v. Commissioners*, 152 Colo. 376, 382 P.2d 545, controlled the present action. In *Gordon* this Court held that substantial compliance with zoning statutes required boards of county commissioners to amend existing zoning resolutions *only by means of a resolution*, and that such amendment could not be accomplished by a simple *motion* to amend. This holding has no application to municipal annexations which can only be accomplished by ordinances. C.R.S. 1953, 139-11-1 *et seq.*; 1965 Perm. Supp., C.R.S. 1963, 139-21-1 *et seq.* True, in the instant case Ordinance No. 654 provided that the city from time to time *by proper resolution* should determine the amount of annexation fees as a condition of annexation of lands to the city. However, Ordinance No. 654 did not render the city council powerless to enact at a later date a different method of fixing annexation fees. Aurora at the time of adoption of Ordinance No. 654 was a statutory city and there was no statutory limitation requiring that annexation fees be imposed only by resolution. The city council under its general powers could enact an ordinance which itself fixed the fees to be charged in a particular annexation proceeding. We hold that Ordinance No. 814 repealed by implication Ordinance No. 654 insofar as the latter ordinance applied to the present annexation proceeding. We also hold that it

was not fatal to the imposition of the annexation fees here imposed that they were accomplished by ordinance rather than by resolution as provided in Ordinance No. 654. Accordingly, the judgment awarded Andrew Land Company for recovery of the annexation fees on its first claim for relief is reversed.

## II.

We affirm the trial court's judgment denying the third claim for relief which sought damages in the amount of $49,000 for failure of the city to construct a storm drainage sewer. Andrew claimed that although it was assessed a $150 storm sewer fee per building site, the city in fact failed to construct the storm drainage system; and that as a result of this failure Andrew lost the sale of fourteen building sites at a gross price of $3,500 per site, or a total of $49,000. The trial court correctly ruled that inasmuch as Andrew elected to recover the storm sewer fees assessed and paid, and was successful in this claim, it could not also recover damages from the city's failure to carry out its obligation to build the storm drainage system. We additionally note insufficiency of proof of damages would also have prevented any valid award on this claim for relief.

## III.

Concerning the fourth claim for recovery of $23,920 in water development fees, we observe that it was not argued in the trial court that the city had no authority to impose such fees; rather, the theory for recovery relied upon there was that the city's charges were excessive in that the actual cost to the city of installation of water meters, water taps and appurtenances was actually $100 less per site than the city charged the developer. The trial court found the evidence insufficient to support this claim and we agree. In this Court it is argued that there was no authority for the imposition of such fees. We disagree. Authority is found not only in the annexation petition, the pertinent portions of which

were hereinbefore set forth, but also in the annexation Ordinance No. 814 and Ordinance No. 833 relating to the privilege of tapping the Aurora water system, both of which were heretofore discussed. We affirm the trial court's denial of the fourth claim for relief.

## IV.

What we have said concerning the validity of the water development fees governs our affirmance of the trial court's denial of the fifth claim for relief. Express authority for imposition of the sanitary sewer tap fees is found in the annexation petition, annexation Ordinance No. 814, and Ordinance No. 831 relating to the privilege of tapping the Aurora sanitary sewer system.

## V.

The trial court found that the evidence presented in support of the sixth claim for relief "* * * did not rise to the dignity of a prima facie case * * *" and therefore denied the claim. The record amply supports the court's finding, and as the trial court noted, to have allowed the claim would have been speculative in the absence of supporting evidence. We affirm the court's denial of the sixth claim for relief.

The judgment is affirmed as to the second, third, fourth, fifth and sixth claims for relief.

The judgment is reversed as to the first claim for relief and the cause remanded with directions to vacate the judgment and to dismiss the first claim.

MR. JUSTICE HODGES, MR. JUSTICE KELLEY and MR. JUSTICE ERICKSON concur.