BOLIN, Judge.
Tony Prentis Pepper and Sheila Sanders were married at a very early age, in 1970, at Ruston, Louisiana. Of this marriage one son, Jon Thomas Pepper, was born on June 21, 1971. The marriage of Mr. and Mrs. Pepper was dissolved by a divorce decree rendered in Union County, Arkansas, on February 6, 1973, and the custody of the minor child was awarded to the mother. Shortly thereafter Sheila Pepper moved to Shreveport, Louisiana and married Gary Wittman.
Before leaving her home in Junction City, Louisiana, Sheila entrusted the care and custody of her minor child, Jon Thomas, to her parents Earl T. and Nell Wynn Sanders. Mr. and Mrs. Sanders have had the actual custody of the child since October 1972. The present action was instituted by Mr. and Mrs. Sanders, maternal grandparents of the minor, against Tony *747 Prentis Pepper, the natural father, seeking the care and custody of the child. For written reasons the district judge found the father unable to care for the child and awarded his custody to the grandparents. From this judgment Tony Prentis Pepper appeals and we affirm the judgment of the lower court.
The primary issue is whether the grandparents have met the burden of proving the father of the minor was unable or unfit to care for the child so as to deprive him of its custody.
Unfortunately, Jon was born with a serious physical defect involving a kidney and bladder disorder complicated by a lack of stomach muscles. Surgery was performed on him when he was approximately two years of age, resulting in some relief; however, at the time of trial the child required an external outlet for the discharge of urine. Because of the absence of stomach muscles he has no control over this discharge. Furthermore, the absence of the stomach muscles has resulted in a prominent and bulging abdomen. Normally a bag would be attached to the abdomen to hold the discharged urine but because of Jon’s small size the attachment of the bag was impractical and a sponge-type material was used. This material has to be changed almost hourly and the affected area cleansed with a disinfectant. According to the medical testimony Jon's condition poses a constant threat of infection. Colds or minor kidney infections which would not be serious to a normal child could be fatal to Jon.
The testimony is overwhelming that Jon has received excellent care in the home of his maternal grandparents. Mrs. Sanders was a practical nurse with at least ten years experience. With this background and her demonstrated love for the child, the district judge concluded the grandmother is fully capable of meeting the needs presented by the unusual physical condition of her grandson.
In his reasons for judgment the trial judge found:
“To summarize, this is not a custody case involving a normal, healthy child, who can be properly cared for by any well-meaning person who loves children. By virtue of further surgery some time in the future, Jon may be able to lead a reasonably normal life. However, at this particular time, his survival requires constant attention and meticulous care.” (Emphasis supplied by lower court)
The law governing a contest for the custody of a child between a parent and a non-parent was extensively discussed in Wood v. Beard, 290 So.2d 675 (La.1974). That decision reiterated the established rule that “the parent has the paramount right to the custody of the child, and may be deprived of that custody only when there are compelling reasons.” In Wood the court condemned the practice of merely comparing the parent’s home with another, when the parent and his home are acceptable, and then awarding custody to the contestant who can provide greater advantages for the child. It was stated the parent could only be deprived of the custody of the child when it was shown that he or she was unable or unfit or had forfeited the parental rights. Therefore, it seems clear that only under unusual circumstances may a court deprive a parent of the right to the custody of his or her child. In light of this jurisprudence plaintiffs have the burden of proving that Tony Pepper was either an unfit father or unable to provide the necessary care and a proper home for his son, Jon Pepper.
The evidence reflects that at the time of trial Tony was unmarried; that his employment required him to do shift work; that if he were awarded the custody of Jon it would be necessary for him to take the child to his sister’s home when he was working on the night shift. The lower court concluded that this living condition would be traumatic to a child with Jon’s problems.
*748 The trial judge concluded:
“After carefully considering the evidence in the case, this Court has decided that plaintiffs should be awarded the permanent custody of their grandson. This conclusion is not based upon a comparison of the respective abilities of the grandparents and the father to care for the child. It is recognized that, under ordinary circumstances, the father’s claim to custody of his child is superior to that of his grandparents. However, the physical handicaps of this particular child make this an exceptional case. Plaintiffs have proved by a preponderance of the evidence that the child’s father is unprepared and unable to properly care for his son.”
From our review of the record we conclude the law and the evidence support the findings of the lower court and, accordingly, the judgment appealed from is affirmed at appellant’s cost.