BOLIN, Judge.
The issue presented in these consolidated custody proceedings is whether or not the trial court erred in disqualifying the natural mother of two minor children and awarding their custody to the paternal grandmother. We affirm the decision of the trial court.
Roy Snell married appellant, Phyllis Snell, in 1970 and of this marriage two children, Ernest and Michelle, were born. In 1976 Roy Snell filed suit for a legal separation and sought custody of the two children. While this action was pending Phyllis returned from California where she had been staying with her mother, and removed Ernest from the school in which he had been enrolled by his paternal grandmother, Betty Kellett. Roy Snell, Betty Kellett, and Robert Snell, the paternal grandfather of the child, jointly petitioned for a writ of habeas corpus seeking the return of Ernest. By agreement the habe-as corpus and original separation suits wherein custody was an issue were combined and the lower court considered all parties, except the father, Roy Snell, to be seeking custody of both children. For written reasons, the trial judge ruled that Phyllis was unable to properly care for the children and gave custody of both children to Mrs. Kellett.
Ernest, who was five years old at time of trial, suffers from hyperactivity, a neurological condition which deteriorates in an unstable environment. In finding that Phyllis was unfit because she was unable to give Ernest the care his special condition demands, the trial judge relied heavily on the testimony of two expert witnesses.
Carol Beverly, a psychiatric social worker who had counseled Ernest and Phyllis, testified that in her opinion Phyllis was not prepared to provide the structured environment so vital to Ernest’s well-being.
Dr. Pennington, a psychiatrist who had treated Ernest, also testified that if the child was returned to Phyllis it would have a disturbing influence on Ernest. He further testified that Mrs. Kellett was following his instructions and that Ernest was making excellent progress while under her care and supervision.
As to Michelle, aged two, the trial judge found that Phyllis delegated the responsibility of rearing the children to babysitters and grandparents far too often, and that Phyllis was not mature enough to properly raise either child.
The general rule to be applied in custody cases involving a parent and a third person is that the natural parent has the paramount right to custody of the child and can be deprived of that custody only when there are compelling reasons for so doing. For the parent’s right to be defeated it must be shown that the parent, through action or omission, has forfeited the parental right of custody. Wood v. Beard, 290 So.2d 675 (La.1974); Sanders v. Pepper, 305 So.2d 746 (La.App.2d Cir., 1974). Therefore, in this case the paternal grandparent had the burden of proving that Phyllis was either unfit or unable to adequately provide for the children.
In custody proceedings the decision of the trial judge who applies the correct principles of law shall not be set aside absent a clear showing that he abused his discretion. Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972).
*513 We find that the delicate physical and mental condition of Ernest was a suitable factor for the trial judge to consider in finding that Phyllis was unable to provide him with a proper home. Sanders, supra. We further find ample evidence to support the trial judge’s finding that Phyllis was unfit to provide a proper home for Michelle in light of her inconsistent and irresponsible actions and her overall attitude of neglect toward both children.
The judgment in these consolidated cases is affirmed at appellant’s cost.