Ms. Paula Herzmark Executive Director Department of Local Affairs 1313 Sherman Street Denver, Colorado 80203
Dear Ms. Herzmark:
I am writing in response to your request for an opinion on the question of whether the city council of a statutory city in Colorado may enact a rent control ordinance. This opinion is expressly limited to that general question, and does not attempt to address the constitutional problems that may be present in any such specific ordinance.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following question:
Can the city council of a statutory city in Colorado enact a rent control ordinance?
 My conclusion is that a statutory city does not have the power to enact a rent control ordinance absent a specific grant of such power by the state legislature or state constitution.
ANALYSIS
Art. XIV, section 13 of the Colorado Constitution provides as follows:
 The general assembly shall provide by general laws, for the organization and classification of cities and towns. The number of such classes shall not exceed four; and the powers of each class shall be defined by general laws, so that all municipal corporations of the same class shall possess the same powers and be subject to the same restrictions.
Under Colorado law, a municipality can exercise only such powers as are granted to it by its charter or by the general law of the state, either in express words or by necessary or reasonable implication, or such as are incidental to the powers expressly granted, or such as are essential to the objects and purposes of the municipality, City of Durango v. Reinsburg,16 Colo. 327, 26 P. 820 (1891). Statutory cities and towns derive their sole powers from constitutional authority, defined by general law. Those statutes granting power to municipalities must be strictly construed, and any doubt as to a municipality's power must be resolved against the municipality. City of Aurora v.Bogue, 176 Colo. 198, 489 P.2d 1295 (1971). Further, any restriction upon the use of property, as here, can be justified as an exercise of a municipality's police power only insofar as it bears a "fair relation to the public health, safety, morals or welfare" and has "a definite tendency to promote or protect the same." City of Colorado Springs v. Grueskin,161 Colo. 281, 422 P.2d 384 (1966).
C.R.S. 1973, 31-15-103 provides:
 Municipalities shall have power to make and publish ordinances not inconsistent with the laws of this state, from time to time, for carrying into effect or discharging the powers and duties conferred by this title which are necessary and proper to provide for the safety, preserve the health, promote the prosperity, and improve the morals, order, comfort and convenience of such municipality and the inhabitants thereof, not inconsistent with the laws of this state.
The powers of a statutory city are set forth in C.R.S. 1973, title 31, article 15. C.R.S. 1973, 31-15-101(2) provides that:
 All such municipalities shall have the powers, authority and privileges granted by this title and by any other law of this state together with such implied and incidental powers, authority, and privileges as may be reasonably necessary, proper, convenient, or useful to the exercise thereof. All such powers, authority and privileges are subject to the restrictions and limitations provided for in this title and in any other law of this state.
It is my opinion that the statutory grant of power to Colorado municipal corporations contained in C.R.S. 1973, 31-15-103 is limited to those areas contained within the delegation of general police powers and would not extend to the enactment of a rent control ordinance.
I have considered decisions from other jurisdictions in reaching this conclusion. The Florida Supreme Court addressed this question in City of Miami Beach v. Forte Towers,Inc., 305 So.2d 764 (1972). While the court acknowledged that rent control could be a valid municipal purpose (see Warrenv. City of Philadelphia, 382 Pa. 380, 115 A.2d 218 (1955);Inganamort v. Borough of Fort Lee, 120 N.J.S. 286,293 A.2d 720 (1972), aff'd, 62 N.J. 521, 303 A.2d 298
(1973) the court cited their decision in Miami Beach v.Fleetwood Hotel, 261 So.2d 801 (1972) that "mere delegation of police power does not carry with it the power to enact a rent control ordinance." 305 So.2d 746 at 766. However, the ordinance in Forte was upheld under a later Florida statute which effectuated constitutional power to cities in conducting municipal government, functions and services, for any purposes, except when prohibited by law. In Forte and in the California case of Birkenfeld v. City of Berkeley,130 Cal.3d 729, 550 P.2d 1001 (1976), state law therefore gave municipalities police power as broad as the police power exercisable by the legislature itself.
This is not the law in Colorado. C.R.S. 1973, 31-15-103 states that the city's power to enact ordinances is limited to implementing the powers and duties conferred by title 31. An examination of the powers of that title does not indicate that the grant of administrative, financial, general regulation, miscellaneous or general police powers contain any express or implied power to regulate rental prices within the municipality. Neither do I find that rent controls are incidental or necessary to the implementation of enumerated municipal powers. It is clear that if the legislature had intended to confer such power upon the municipality, that authority could have been contained within C.R.S. 1973, 31-15-501, Regulation of Business. That section provides, among other powers, for the licensing, taxation and regulation of hackmen and all others pursuing like occupations and specifically grants the city the power to prescribe the compensation for such occupation. The failure of the legislature to extend such regulatory power to rental of housing units indicates that no such power exists.
SUMMARY
It is therefore my conclusion that a statutory city does not have the power to enact rent control ordinances absent a specific grant of such power by the state legislature or state constitution. This opinion does not attempt to address the question of the constitutionality of such an enactment.
I hope that this opinion sufficiently addresses your inquiry.
Very truly yours,
 J.D. MacFARLANE Attorney General
MUNICIPAL GOVERNMENT
C.R.S. 1973, 31-15-101
C.R.S. 1973, 31-15-103
Colo. Const. art. XIV, § 13
LOCAL AFFAIRS, DEPT. OF Local Government, Div. of
The powers of statutory cities in Colorado are defined exclusively in title 31, article 15, and do not include the power to enact rent control ordinances.