### No. 79SA287

**The City of Sheridan, Colorado, a municipal corporation v. The City of Englewood, a municipal corporation, organized and existing under the laws of the State of Colorado; the City Council of the City of Englewood; James L. Taylor, as Mayor and as a member of said City Council; Vern Mann, Mayor Pro Tem; David B. Clayton, Donald W. Harper, as the remaining members of and constituting the said City Council**

(609 P.2d 108)

Decided March 31, 1980.

Hemminger & Whittaker, Gary H. Hemminger, for plaintiff-appellant.

Bernard V. Berardini, City Attorney, Rick DeWitt, Assistant, for defendants-appellees.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

The City of Sheridan sued the City of Englewood to collect admission taxes allegedly due under a Sheridan city ordinance, and sought a

declaratory judgment that the admission tax ordinance was valid and enforceable. Englewood's C.R.C.P. 12(b) motion to dismiss on the ground that Sheridan had no statutory authority to enact an admissions tax was granted by the trial court. Sheridan appealed the dismissal to the court of appeals. We accepted transfer of the case pursuant to section 13-4-110(1)(a), C.R.S. 1973. We affirm the trial court's judgment.

Sheridan, a statutory city, in 1973 enacted ordinance provisions entitled "Sheridan Admissions Tax." *Sheridan Municipal Code,* art. IV, sections 12-61 *et seq.* The ordinance imposes a 5% tax on the price of admission to any public place or event in Sheridan. The tax is levied on the person gaining admission and is to be collected by the owner, lessee, or operator who charges an admission fee.

In 1977, Englewood constructed a golf course located within the municipal boundaries of Sheridan. The course was open to the public, and an admission fee was charged. Englewood did not collect, nor did the patrons of the golf course pay, the 5% admissions tax imposed by the Sheridan ordinance provisions. Sheridan thereupon sought to collect it by filing this action in the trial court.

Sheridan, in contending that the district court erred in granting Englewood's motion to dismiss, argues that it has statutory authority to impose the "Sheridan Admissions Tax." We disagree with this contention.

■ Statutory cities possess only such powers as are expressly conferred by statutory grant or exist by necessary implication. *Aurora v. Bogue,* 176 Colo. 198, 489 P.2d 1295 (1971). Such conferred powers are to be strictly construed, and any doubt as to the power of a statutory city to act must be resolved against it. *Id.*

■ Sheridan argues that the power to impose an admissions tax is found in sections 31-15-501(1)(c) and (g), C.R.S. 1973 (1977 Repl. Vol. 12),[1] which provides, *inter alia,* that a municipality is empowered to tax an amusement or place of amusement. The general assembly, by enacting section 31-15-501, C.R.S. 1973 (1977 Repl. Vol. 12), under the heading "Regulation of Businesses," obviously intended to authorize statutory cities to regulate only businesses, such as amusements or places of amusements. A tax imposed under this authority must therefore be a tax on the

---

[1] This statute provides:

"(1)   The governing bodies of municipalities have the following powers to regulate businesses:

. . . .

"(c)   To license, regulate, and tax, subject to any law of this state, any lawful occupation, business place, amusement, or place of amusements and to fix the amount, terms, and manner of issuing and revoking licenses issued therefor;

. . . .

"(g)   To license, tax, regulate, suppress, and prohibit hucksters, peddlers, pawnbrokers, and keepers of ordinaries, theatrical and other exhibitions, shows, and amusements and to revoke such license at pleasure; . . ."

privilege of doing business, and imposed upon the business or person engaged therein. Sheridan's admissions tax, however, is not imposed upon businesses offering amusements or places of amusements. Rather, it is a tax imposed upon *persons* patronizing such businesses. The declared legislative intent of the "Sheridan Admissions Tax" is as follows: "It is hereby declared to be the legislative intent of the city council of Sheridan that . . . every person who pays to gain admission to any place or event in the city that is open to the public shall pay . . . the tax imposed by this Code." *Sheridan Municipal Code,* art. IV, sec. 12-61. This type of tax on a person is not authorized by section 31-15-501, C.R.S. 1973 (1977 Repl. Vol. 12).

■ There is no other statutory authority which empowers a statutory municipality to impose an admissions tax such as the one here being contested. The "Sheridan Admissions Tax" ordinance is therefore void and the trial court properly entered a judgment dismissing Sheridan's complaint. *See Colo. Const.* Art. XIV, Sec. 13; *City of Aurora v. Bogue, supra;* and *Town of Eckley v. Meyers,* 116 Colo. 536, 181 P.2d 1014 (1947).

We are aware that a different result is reached in *Deluxe Theatres, Inc. v. City of Englewood,* 198 Colo. 85, 596 P.2d 771 (1979), and *City of Boulder v. Regents of Univ. of Colorado,* 179 Colo. 420, 501 P.2d 123 (1972). These cases are distinguishable, however, by the crucial fact that in these cases both cities which had enacted an admissions tax were home-rule cities, and derived authority from *Colo. Const.* Art. XX, Sec. 6 rather than a statutory grant.

The judgment is affirmed.

JUSTICE GROVES and JUSTICE ROVIRA do not participate.