Paula Herzmark Executive Director Department of Local Affairs 1313 Sherman Street, Rm. 518 Denver, CO 80203
Dear Ms. Herzmark:
This opinion letter is in response to your letter of June 5, 1980, in which you inquired about the effect that Douglassv. Kelton, No. 79 SA 233 (Colo., May 5, 1980) has on the issuance of permits to carry concealed weapons. That decision held that the sheriff of Routt County and the police chief of Steamboat Springs properly refused to issue concealed weapons permits to the plaintiffs because the sheriff and police chief had no authority to issue such permits.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents three questions:
1. Does a sworn peace officer, as defined in C.R.S. 1973,18-1-901(3)(l), need to possess a concealed weapons permit in order to carry a concealed weapon outside his jurisdiction in either an on-duty or off-duty status?
 My conclusion is "no." It is my opinion that peace officers may rely upon their status as peace officers, with or without concealed weapons permits, as a defense to the crime of carrying a concealed weapon.
2. Do county and municipal governments currently possess the authority to enact by ordinance the provision that would allow sheriffs and chiefs of police to issue concealed weapons permits?
 My conclusion is that counties and statutory cities do not currently possess the authority to enact ordinances allowing sheriffs and chiefs of police to issue concealed weapons permits; but home rule cities do possess such authority.
3. What is the current legal status of concealed weapons permits issued by sheriffs and chiefs of police prior to the May 5, 1980 decision? (It can be interpreted by the concluding paragraphs of that decision that such permits, once issued, have legal standing throughout the state.)
 My conclusion is that where police chiefs of home rule cities have issued concealed weapons permits pursuant to a valid ordinance authorizing them to issue the permits, those permits are valid. All other permits issued by sheriffs or police chiefs are not valid.
ANALYSIS
1. The context in which this question arises is that in Colorado it is a class 2 misdemeanor to knowingly and unlawfully carry a concealed weapon. C.R.S. 1973, 18-12-105(1). However, that statute contains a provision, in subsection (2)(d), that an affirmative defense to that charge is that the defendant is a peace officer as defined in C.R.S. 1973, 18-1-901(3)(l). The definition of peace officer contains no reference that the officer must be within his jurisdiction, nor to his on-duty or off-duty status. Therefore, so long as the defendant is a peace officer, he may raise this as a defense, whether or not he has a permit. However, this does not mean the statute provides authority for peace officers to carry concealed weapons, seeDouglass v. Kelton, supra. Rather, the statute only supplies the peace officer defense to one charged with carrying a concealed weapon.
2. The Colorado Supreme Court announced the opinion inDouglass v. Kelton, and then modified it in response to a petition for rehearing, which addressed the issue of the authority of counties and cities to pass ordinances authorizing the issuance of concealed weapons permits. Therefore, it is necessary to scrutinize the modification to answer your question.
In Douglass v. Kelton, the plaintiffs sued both the sheriff of Routt County and the chief of police of Steamboat Springs, a home rule city, to force the issuance of concealed weapons permits. The initial opinion issued by the Colorado Supreme Court stated:
 The mere creation of an affirmative defense does not "clearly confer" a power or authority to issue the permits in question.
 This is not to say that such power and authority cannot be delegated. The legislature can delegate the power, but it has failed to delegate that power through appropriate enabling legislation. The respective local governments have not attempted to place this licensing power in the police chief or sheriff.
. . . .
 Whether the legislature or local government shall choose to delegate or create the power to issue permits is a matter of legislative policy.
(Emphasis added.)
The petition for rehearing addressed the underscored language. The petition pointed out that the language seemed to imply that both the county and the city could enact ordinances authorizing the issuance of permits. The argument was made that the county could not do so, because as a political subdivision of the state, a county possesses only such powers as are expressly conferred upon it by the constitution and statutes and there is no such enabling legislation providing for the authorization of concealed weapons permits. While the argument was not made in the petition for rehearing, statutory cities possess the same powers as counties. Aurora v. Bogue, Jr., 176 Colo. 198, 489 P.2d 1295
(1971); Town of Eckley v. Meyers, 116 Colo. 536,181 P.2d 1014 (1947). See C.R.S. 1973, 31-15-101(2) and 31-15-103. Likewise, home rule counties possess the same powers as statutory counties. Colo. Constitution, art. XIV, § 16.
In response to this argument, the supreme court modified the opinion by substituting the following for the underscored language quoted above:
 The local government has not attempted to place this licensing power in the police chief.
. . . .
 Whether the legislature or the municipality shall choose to delegate or create the power to issue permits is a matter of legislative policy.
Thus, when read in conjunction with the petition for rehearing, the modification indicates that the court has determined that counties do not possess the authority to authorize the issuance of permits, but home rule cities do possess the authority. As pointed out above, statutory cities, being like counties, do not have the authority.
Therefore, unless and until the general assembly enacts legislation delegating the authority to counties and statutory cities to pass ordinances providing for the issuance of concealed weapons permits, they may not do so. However, home rule cities do have the authority to enact ordinances establishing a permit system for concealed weapons.
3. Where police chiefs of home rule cities have issued concealed weapons permits pursuant to a valid ordinance authorizing them to issue the permits, those permits are valid because, according to Douglass v. Kelton, home rule cities possess the power to authorize the police chiefs to issue the permits. However, permits issued by police chiefs of home rule cities which have not enacted such authorizing ordinances, or permits issued by police chiefs of statutory cities and by sheriffs of statutory counties and home rule counties, are not valid because the police chiefs and sheriffs were actingultra vires when issuing them. I do not interpretDouglass v. Kelton, as you suggest, to hold that all already issued permits are to be considered valid.
Note that this opinion does not address the question of whether a defendant charged with carrying a concealed weapon could successfully assert an affirmative defense based on his reliance on an invalid permit. That question must await a determination in the proper factual context. However, to avoid this problem, I recommend the immediate revocation of all permits other than those issued pursuant to valid home rule city ordinances.
SUMMARY
To summarize my opinion, a peace officer does not need a concealed weapons permit in order to carry a concealed weapon outside his jurisdiction in either an on-duty or off-duty status. Neither statutory nor home rule counties nor statutory cities may enact ordinances that would allow sheriffs and chiefs of police to issue concealed weapons permits, unless and until the general assembly delegates the power to them to do so. Home rule cities do possess the authority to enact such ordinances. Where police chiefs of home rule cities have issued the permits pursuant to a valid ordinance authorizing them to issue the permits, those permits are valid. All other permits are not valid.
Very truly yours,
 J.D. MacFARLANE Attorney General
WEAPONS MUNICIPAL GOVERNMENT PEACE OFFICERS MUNICIPAL CORPORATIONS COUNTIES
C.R.S. 1973, 18-12-105
C.R.S. 1973, 18-1-903 C.R.S. 1973, 31-15-101
C.R.S. 1973, 31-15-103
Colo. Const. art. XIV, § 16
LOCAL AFFAIRS, DEPT. OF Colo Law Enfrcmnt Tng Acad
Peace officers of home rule cities possess the authority, if authorized by ordinance, to issue concealed weapons permits; however, neither statutory cities nor statutory or home rule counties possess such authority until and if the general assembly delegates such power. Only permits issued by home rule cities with appropriate ordinances are valid. A peace officer, however, may use his office as a defense to carrying a concealed weapon either on or off-duty.