CENTRAL CITY OPERA HOUSE ASSO-
CIATION, Plaintiff-Appellee,

v.

CITY OF CENTRAL, Colorado, a
municipal corporation,
Defendant-Appellant,

v.

Loran M. BROWN and Irene S. Brown,
d/b/a The Lost Gold Mine and Gilpin
County Jail Exhibit, a partnership,
George B. Hill and Dolores J. Hill, d/b/a
The Historama, a partnership, and the
Central City Development Co., a Colora-
do corporation, Intervenors-Appellees.

No. 81CA0789.

Colorado Court of Appeals,
Div. III.

Aug. 19, 1982.

Holland & Hart, Michael D. Martin, Ste-
phen A. Gardner, Denver, for plaintiff-ap-
pellee.

William Lucas, Jerald J. Devitt, Golden,
for defendant-appellant.

Albert B. Dawkins, Denver, for interve-
nors-appellees.

KELLY, Judge.

Plaintiff, Central City Opera House Asso-
ciation, brought a declaratory judgment ac-
tion against defendant, City of Central,
seeking to nullify a Central City ordinance
which levies an excise tax of 4% on "every
person who pays to gain admission to any
place or event in the city that is open to the
public." Defendant appeals the trial court's
judgment that the ordinance is invalid be-
cause the City lacks the power under its
charter to enact such an ordinance. We
affirm.

■ "Central City is still operating under
a territorial charter granted it in 1864 by
the Territorial Legislature." *City of Cen-
tral v. Axton,* 159 Colo. 69, 410 P.2d 173
(1966). Territorial charter cities "may ex-
ert only such powers as are expressly grant-
ed to them, or such as may be necessarily
implied from those granted." *Axton, supra.*
Thus, "the charter or law by which the
municipal body is created is to be strictly
construed," *Bernheimer v. City of Leadville,*
14 Colo. 518, 24 P. 332 (1890), and any doubt
concerning the city's power must be re-
solved against it. *See City of Aurora v.
Bogue,* 176 Colo. 198, 489 P.2d 1295 (1971).

■ An ordinance similar to Central City
Ordinance 215 was invalidated in *City of*

**1350**

*Sheridan v. City of Englewood,* 199 Colo. 348, 609 P.2d 108 (1980). The statute on which the Sheridan ordinance was based authorizes that city to "license, regulate, and tax" any lawful business place, amusement, or place of amusement. Section 31–15–501(1)(c) and (g), C.R.S. 1973 (1977 Repl. Vol. 12). Similarly, the Central City Charter provides that the city council shall have the power to "license, tax and regulate" merchants, taverns, theatrical and other exhibitions, shows, and amusements. Central City Charter Art. V, §§ 1, 17, and 21. However, the Central City ordinance, like the Sheridan ordinance, "is not imposed upon businesses offering amusements or places of amusement. Rather, it is a tax imposed upon *persons* patronizing such businesses.... This type of tax on a person is not authorized by [the statute]." *Sheridan, supra.* Therefore, since the Central City Charter authorizes taxes on businesses but not on their customers, the ordinance at issue is not authorized by the charter.

Central City argues that the statute construed in *Sheridan* is inapposite because Sheridan is limited to taxation for the purpose of regulating business, while the Central City Charter is not so limited and the purpose of Ordinance 215 is to raise revenue. Since the Central City Charter does not provide for a tax on persons patronizing businesses and amusements, the purpose for which Central City seeks to collect such a tax is irrelevant.

The judgment is affirmed.

SMITH and KIRSHBAUM, JJ., concur.